1  William D. Hyslop
   United States Attorney
2  Eastern District of Washington
3  Caitlin Baunsgard
   Assistant United States Attorney
4  Post Office Box 1494
   Spokane, WA 99210-1494
5  Telephone: (509) 353-2767

6

7              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
8

9  UNITED STATES OF AMERICA,
                                          2:19-CR-00111-WFN
10              Plaintiff,

11         v.

12 LUIS MANUEL FARIAS-CARDENAS,           MOTION TO DECLARE THE
13 JOSHUA ISAAC STINE (a/k/a "Heat"),     CASE COMPLEX AND FOR
   PATRICK ELLIOTT PEARSON,               APPOINTMENT OF A
14 CRISTIAN MISAEL GOMEZ (a/k/a :Flako"), DISCOVERY COORDINATOR
15 LUIS MANUEL RAMIREZ (a/k/a "Sin"),
   ZACARIAS MARTINEZ-GARZA (a/k/a
16    "Listo"),                           Without Oral Argument 8/5/19 @
17 MARIANO RUIZ-BALDERAS (a/k/a           6:30 pm
      "Felix")
18 JESSE LEON MANION, JR.,
19 HEATHER ELAINE KEATING,
   LEONEL CABALLERO,
20 FORREST WALKER HERZOG,
21 AMY JO DYGERT,
   RANDALL CURTIS GROSS,
22 MICHAEL EDWARD MCLAUGHLIN, and
23 JESUS VALENICA-MORFIN

24              Defendants.
25

26

27

28
   MOTION TO DECLARE THE CASE COMPLEX AND FOR
   APPOINTMENT OF A DISCOVERY COORDINATOR - 1

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Motion to Declare Case Complex and Motion to Appoint Discovery Coordinator.

The United States submits this case has just begun its judicial phase, with a majority of the named defendants just being arrested on July 16, 2019; however, in an effort to move this case forward in a timely manner, the United States submits the following Motions to the Court for consideration.

A. **MOTION TO DECLARE CASE COMPLEX**

The United States moves the Court to declare this case complex under the provisions of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). This provision basically provides that time is excluded under the Speedy Trial Act where the ends of justice so dictate based on the case complexity:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

In support of this request, the United States submits this is a complex multiple-defendant case with voluminous discovery. To date, this case involves 14 charged Defendants. The United States intends to supersede with additional substantive counts as to those already-charged Defendants and may seek charges against additional Defendants. Additionally, there is volunmous discovery in this case. This was a long-term, multi-jurisdicational investigation which involved complex Court-authorized electronic evidence collection techniques. There were also multiple

MOTION TO DECLARE THE CASE COMPLEX AND FOR
APPOINTMENT OF A DISCOVERY COORDINATOR - 2

surveillance cameras in use during this investigation that captured many hours of recorded surveillance at each location. Accordingly, the United States expects numerous issues are likely to arise in this case based on the complex Court-authorized electronic evidence collection techniques involved in the investigation. The United States also anticipates motions regarding the identity of the multiple cooperating witnesses, motions to suppress search warrants and other Court-authorized warrants, and motions regarding other issues. Finally, the United States also anticipates defense counsel, using all due diligence, would not be able to review the massive amount of discovery in this case within the confines of the 70-day window required by the Speedy Trial Act. *See generally* 18 U.S.C. § 3161(c)(1).

The United States has spoken to counsel for the lead Defendant, Luis Manuel FARIAS-Cardenas, Steve Hormel, and he advised he has no objection to this Motion.

B.      **MOTION FOR APPOINTMENT OF A DISCOVERY COORDINATOR**

As noted above, the United States anticipates there will be a massive amount of discovery in this case, to include, among other things, a large amount of reports from multiple law enforcement entities, numerous communications in both English and Spanish as well as associated transcripts, a large amount of surveillance camera video recordings, tracker data, phone location data, and forensic examinations of multiple cellular phones. Accordingly, the United States submits, consistent with other similar cases prosecuted in this District, a discovery coordinator would be greatly beneficial to all parties and promote efficient use of resources on all sides.

The United States has spoken to counsel for the lead Defendant, Luis Manuel FARIAS-Cardenas, Steve Hormel, and he advised he has no objection to this Motion. Additionally, Mr. Hormel advised that he would pursue an estimate from a discovery coordinator, Behind the Gavel, and provide that estimate to the Court on an *ex parte* basis. While the United States has no opinion or preference for a particular discovery

coordinator, the United States does not that many of the defense counsel involved in this case are familiar with Behind the Gavel.

Respectfully submitted, July 29, 2019.

           William D. Hyslop
           United States Attorney

           s/ Caitlin Baunsgard
           Caitlin Baunsgard
           Assistant United States Attorney