FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>LUIS MANUEL FARIAS-CARDENAS (1),<br>JOSHUA ISAAC STINE (2),<br>PATRICK ELLIOTT PEARSON (3),<br>CRISTIAN MISAEL GOMEZ (4),<br>LUIS MANUEL RAMIREZ (5),<br>ZACARIAS MARTINEZ-GARZA (6),<br>MARIANO RUIZ-BALDERAS (8),<br>FOREST WALKER HERZOG (12),<br>AMY JO DYGERT (13),<br>MICHAEL EDWARD McLAUGHLIN, JR. (15),<br>GERARDO FARIAS-CONTRERAS (17),<br>ELICEO FARIAS-CARDENAS (18),<br><br>                Defendants. | No.   2:19-CR-0111-WFN<br><br>ORDER |

    A pretrial conference and motion hearing was held February 19, 2020. The Defendants were present and represented by counsel and in custody as set out in the table below. Assistant United States Attorney Caitlin Baunsgard represented the Government.

| Defendant | Custody | Counsel |
|---|---|---|
| Luis Manuel Farias-Cardenas (1) | YES | Christopher R. Black |
| Joshua Isaac Stine (2) | YES | Kent N. Doll, Jr. |
| Patrick Elliott Pearson (3) | YES | T. Trageser for Bryan P. Whitaker |
| Cristian Misael Gomez (4) | YES | James M. Parkins |
| Luis Manuel Ramirez (5) | YES | Timothy D. Trageser |
| Zacarias Martinez-Garza (6) | YES | Roger J. Peven |
| Mariano Ruiz-Balderas (8) | YES | Karen S. Lindholt |
| Forest Walker Herzog (12) | Absent | David M. Miller |

ORDER - 1

| Defendant | Custody | Counsel |
|---|---|---|
| Amy Jo Dygert (13) | No | Nicolas V. Vieth |
| Michael Edward McLaughlin, Jr. (15) | YES | Frank L. Cikutovich |
| Gerardo Farias Contreras (17) | YES | Mark E. Vovos |
| Eliceo Farias-Cardenas (18) | YES | David Hammerstad |

The Court addressed the status of the case and pending pretrial motions. The Government updated the Court and counsel regarding the status of discovery. The bulk of discovery has been provided to Behind the Gavel but one lab report remains outstanding as does the forensic review and reports for two phones and a computer. Several Jencks statements will be provided by the end of next week. Mr. Vieth addressed Behind the Gavel's progress indicating that most of the disclosures have been processed and the remaining disclosures are limited so should not take too long to process.

At defense counsels' request, the Court agreed to reserve ruling on the pending suppression motions, the Franks' hearing Motions and the Motion for Henthorn Discovery. The Court granted Defendants' Motion for Leave to File Additional Motions and set a briefing schedule and additional pretrial conference. With the agreement of the parties, the Court also set a more realistic trial date. The Court granted Defendants' Motion to Reveal the Identity of Informants and Cooperating Witnesses or Defendants to the extent that the motion addressed witnesses that will testify at trial and ordered disclosure of identities 30 days prior to trial.

Lastly, the Court addressed the Government's inquiry regarding expert disclosures. To the extent that the documents are available, the Court encouraged the parties to file notices of expert expeditiously to allow time to address any *Daubert* issues at the next pretrial conference. The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

ORDER - 2

1. The Court **RESERVES RULING** on Defendants' Motion for Henthorn Discovery, filed January 24, 2020, **ECF No. 464**. This motion will be heard at the pretrial conference on April 8, 2020.

2. Defendant's Motion to Reveal the Identity of Informants and Cooperating Witnesses or Defendants and to Disclose Related Brady Materials, filed January 24, 2020, **ECF No. 465**, is **GRANTED**. The identity of cooperating individuals to be called as witnesses at trial shall be disclosed **30 days prior to trial**. Any Brady materials not previously disclosed pertaining to those witnesses shall be provided at the same time.

3. The parties agree that a continuance of the current trial date is necessary to allow time to review discovery and file appropriate motions. The Court previously declared the case to be complex. The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and the Defendant in a speedy trial. A trial date of March 9, 2020, would unreasonably deny Defendants the opportunity to review discovery, file appropriate pretrial motions, investigate the charges against them, and to benefit from effective assistance of counsel, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h).

4. The trial date of March 9, 2020, is **STRICKEN and RESET to May 18, 2020, at 1:00 p.m., in Spokane**, Washington.

5. All time from the trial date of March 9, 2020, to the new trial date of May 18, 2020, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

6. A final pretrial conference shall be held **May 18, 2020, at 11:00 a.m., in Spokane**, Washington.

7. Trial briefs, motions in limine, requested voir dire and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **May 4, 2020**.

Jury instructions should only address issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

ORDER - 3

       (a)    The instructions on which the parties agree; and

       (b)    Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

       Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

    8. The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Monday before trial**.

    9. Defendant's Motion for Leave to File Additional Motions, filed January 24, 2020, **ECF No. 470**, is **GRANTED**.

    10. An additional pretrial conference shall be held **April 8, 2020, at 10:00 a.m., in Spokane**, Washington.

       (a)    All additional motions shall be filed and served no later than **March 18, 2020**.

       (b)    Responses shall be filed and served no later than **March 25, 2020**.

    11. Indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten days before trial, excluding weekends and holidays.

    12. The Court **RESERVES** ruling on Defendants' Motions to Suppress and Motion for Franks Evidentiary Hearing, all filed January 24, 2020, **ECF Nos. 461, 467, 469, and 457**. These motions will all be heard at the April 8, 2020, pretrial conference.

13. All time from the filing of Defendant's Motion for Leave to File Additional Motions on January 24, 2020, to the date of the hearing on February 19, 2020, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of February, 2020.

02-19-20

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5