FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>    v.<br><br>PATRICK ELLIOTT PEARSON,<br><br>                           Defendant. | NO: 2:19-CR-0111-TOR-3<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

      BEFORE THE COURT is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1225. Defendant submitted this motion and accompanying memorandum pro se. The Court does not order the United States to respond. Having reviewed the briefing, the record and files therein, the Court is fully informed.

      This Court has determined that no evidentiary hearing pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts is warranted. The district court record, appellate court record, sworn testimony and evidence admitted at trial resolves this motion.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

**BACKGROUND**

Defendant presents four grounds for relief; (1) mental incompetency issues; (2) voir dire issues; (3) miscellaneous ineffective assistance of counsel issues; and (4) cumulative error doctrine. ECF No. 1225.

**DISCUSSION**

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Regarding the first prong, a "tactical decision about which competent lawyers might disagree" does not qualify as objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 702 (2002). Regarding the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 693-94. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

1. **Mental Incompetency Issues**

Defendant contends that his counsel should have had him evaluated for mental competency because on the day of his arrest, July 16, 2019, he attempted to take his own life. Defendant also complains that he was a drug addict at the time. However, Defendant was detained in jail pending his jury trial. His jury trial was completed on June 23, 2021, nearly two years after he was arrested.

Defendant has presented no evidence that he was mentally incompetent when his trial occurred. He merely speculates that he was incompetent at the time of his arrest. However, the evidence in the record shows that Defendant was functioning and explained that he did not want to go to prison so he attempted suicide. Defendant has not shown mental incompetency.

Next, Defendant complains that he was on prescribed medication during trial that affected his mental state during trial. Defendant has come forward with no evidence to substantiate this allegation.

Next, Defendant complains that the Court should have had him evaluated. However, the evidence before the Court did not warrant the Court to sua sponte order a mental evaluation.

Defendant has not shown that his attorneys provided ineffective assistance of counsel or that the Court failed to abide by the law.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

**2. Voir Dire Issues**

First, Defendant complains that Prospective Juror number 9 should have been stricken. Defendant provides only partial quotes from that juror during questioning but leaves out the most important part, "Since you're going to give me instructions, I -- I think I can be objective." ECF No. 1128 at 25. The Court then said, " . . . In other words, you can't allow your personal feelings and prejudices flavor your decision -- your decision-making process." Prospective Juror number 9 said, "Sure." The Court then said, "You have to be very objective and base your decision on the evidence that comes across in -- from the witness stand and through the exhibits. You have to be able to do that." Prospective Juror number 9 responded, "I think I can do that." *Id*. Defendant has not shown any bias or prejudice with respect to Prospective Juror number 9. Accordingly, his counsel did not provide ineffective assistance of counsel nor did the Court commit error.

Next, Defendant complains that the Court told the jury panel that Defendant was guilty of at least one crime. Defendant misquotes the Court. The Court actually said, "Well, I think the evidence will be that it was used, he had it in his possession, and I hear what you're saying about your concerns. So the question is whether or not if you're a juror, you could set aside those concerns that you have about guns and the use of guns and decide whether or not the Government has proven by beyond a reasonable doubt what it alleges the conduct to be. Or do you

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

1  feel that your feelings are so strong that you -- your prejudice would influence your
2  deliberations?" ECF No. 1128 at 24-25. The Prospective Juror number 9
3  responded, "Since you're going to give me instructions, I -- I think I can be
4  objective." *Id*. at 25.

5  Defendant has not shown any Court error in discussing what the evidence
6  the jury may hear. The Jury was cautioned that it decides the facts and the Court
7  gives them the law.

8  Next, Defendant complains that the jury pool was not screened for racial
9  beliefs. Defendant contends that a witness admitted to being a white supremacist.
10 Defendant contends that a member of the jury was a minority and that juror should
11 not have been on the jury.

12 Defendant's speculation does not establish ineffective assistance of counsel.
13 Defendants voir dire issues are denied.

14 **3. Miscellaneous Ineffective Assistance of Counsel Issues**

15 Defendant contends that his counsel asked the racist witness about his
16 beliefs, thereby prejudicing Defendant's case. As stated above, Defendant's
17 speculation does not establish ineffective assistance of counsel.

18 Next, Defendant contends that one of his attorneys told Defendant he could
19 argue that the other attorney provided ineffective assistance of counsel. However,

20

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

cross-examining a witness about his racial beliefs does not prejudice Defendant's case. Defendant's speculation does not establish ineffective assistance of counsel.

Finally, Defendant contends that one of his attorneys was not present for the reading of the verdict. However, that attorney was called to Court before the verdict was read, so there is no ineffective assistance of counsel shown.

Defendant's miscellaneous ineffective assistance of counsel issues are denied.

**4. Cumulative Error Doctrine**

Defendant contends that even if none of the issues constitutes ineffective assistance of counsel, the cumulative effect of the errors warrants reversal of his convictions and a new trial is mandated.

The Court has considered all the issues raised and does not find that there was any Constitutional error requiring reversal or a new trial.

**5. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. 28 U.S.C. § 2253(c)(1). A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims or could conclude that any issue presented deserves encouragement to proceed further. Any appeal taken by Defendant of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1225) is **DENIED.**

2. A Certificate of Appealability under 28 U.S.C. § 2253(c)(1) is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties and **CLOSE** this and the corresponding civil file.

**DATED** December 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7